IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WILLIAMS, D.C., | No. C 07-02252 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE, and DOES 1–50, inclusive, | |
| Defendants. | |

**INTRODUCTION**

In this disability-benefits action, defendant Prudential Insurance Company of America moves to dismiss plaintiff's fraud claim from the first amended complaint. For the reasons stated below, Prudential's motion to dismiss is **GRANTED**.

**STATEMENT**

Defendant Prudential is a corporation organized under the laws of New Jersey and its principal place of business is in New Jersey. Plaintiff Brian Williams is a California resident. In 2000, plaintiff was a chiropractor and owned his own chiropractor business. As a member of NCMIC Group, Inc., he purchased and was insured under Prudential's Long Term Disability Plan No. DG-91639-IA. In October 2003, he stopped working because of a degenerative disc disease in his lumbar spine and shoulder area, bilateral AC (shoulder), arthrosis, lumbalgia, sleeping problems, and severe pain. He returned to work and tried to work part-time,

1  which caused further pain and injury.  He submitted a claim for disability benefits with
2  Prudential on February 1, 2004. Plaintiff claimed that, "[t]hroughout the period of his disability,
3  plaintiff performed all obligations required of him by the POLICY.  Plaintiff intended and
4  expected thereby to be assured of peace of mind and financial and economic security as a result
5  of PRUDENTIAL'S obligations to plaintiff under the POLICY herein at issue" (Compl. at ¶¶ 5,
6  8–12).  Nothing else was stated in the complaint as to what occurred between plaintiff's
7  submission of the claim in February 2004 and when plaintiff spoke to Prudential employee
8  Nancy Pichette, a senior appeals analyst, in July 2005.

9       On July 25, 2005, Ms. Pichette told plaintiff that if he disagreed with Prudential's
10 termination of disability benefits, he should appeal under the Employee Income Retirement
11 Security Act.  For reasons not stated in the complaint, neither the policy nor his appeal rights
12 under the policy, however, were governed by ERISA.  On March 8, 2006, Ms. Pichette then
13 told plaintiff that self-reported symptoms had a limited-benefits pay period of 24 months.
14 Prudential denied by letter plaintiff's disability claim for disability benefits on March 8, 2006,
15 claiming plaintiff was not disabled (*id.* at ¶¶ 13–16).

16      In the original complaint, plaintiff asserted six claims against defendants Prudential and
17 the Commissioner of the California Department of Insurance.  Prudential moved to dismiss
18 claims three through six.  Plaintiff did not oppose claims four through six, which were therefore
19 dismissed by the Court with prejudice.  The Court dismissed the Commissioner from the case
20 because claims five and six were the only claims alleged against Commissioner (Aug. 3 Order
21 at 2).

22      There were three alleged misrepresentations with respect to the third claim.
23 *First*, Ms. Pichette erroneously informed plaintiff that the policy and plaintiff's appeal rights
24 were governed by ERISA, which caused plaintiff to defer filing suit.  The August 3 order held
25 that plaintiff had failed to assert with particularity how he was damaged by the ERISA
26 misrepresentation.  *Second*, Ms. Pichette told plaintiff that he would be entitled to receive
27 benefits only when Prudential determined that plaintiff was disabled, in contravention of
28 California law.  The August 3 order found that the pleading remained problematic because the

complaint failed to allege detrimental reliance. With respect to the third misrepresentation, plaintiff stated that he would not pursue the allegation. The order granted Prudential's motion to dismiss and gave plaintiff leave to amend the misrepresentation claim.

Plaintiff filed his amended complaint on August 17. As in the original complaint, Mr. Williams alleged breach of contract, breach of the covenant of good faith and fair dealing, and intentional misrepresentation (Amd. Compl. ¶¶ 4–47). He sought special damages for failure to provide benefits under the insurance contract, general damages for mental and emotional distress and other incidental damages, punitive and exemplary damages, costs of suit, reasonable attorney's fees, and other special damages. The amount in controversy exceeded $75,000. On September 17, 2007, Prudential moved to dismiss plaintiff's fraud claim in his amended complaint on grounds that plaintiff failed to state a claim upon which relief could be granted.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1255, 1264–65 (2007) (citations omitted).

In California, the elements of a claim for intentional misrepresentation are: (i) misrepresentation; (ii) knowledge of falsity; (iii) intent to defraud (*i.e.*, to induce reliance); (iv) justifiable reliance; and (v) resulting damage. *Conrad v. Bank of Am.*, 45 Cal. App. 4th 133, 156 (1996). Rule 9(b) requires that the circumstances constituting fraud be alleged "with particularity."

In his amended complaint, plaintiff alleges that Prudential made three misrepresentations concerning the policy — that the policy and plaintiff's appeal rights under the policy were governed by ERISA, that disabilities due to self-reported symptoms had a limited pay period of 24 months under the policy, and that Mr. Williams would be considered disabled when Prudential determined that he was disabled. Prudential argues that the claim for intentional misrepresentation should be dismissed without leave to amend because plaintiff has not and cannot adequately allege damages resulting from any of the alleged misrepresentations.

### 1. HAS PLAINTIFF PROPERLY ALLEGED DAMAGES?

Damage is an essential element of a fraud claim. *See* Cal. Civ. Code. 1709, 45 Cal. App. 4th at 156. Plaintiff was granted leave to amend to assert with "particularity" how he was damaged by the ERISA misrepresentation. In his amended complaint, plaintiff claimed that the misrepresentations caused him to delay filing suit and the receipt of disability benefits. Consequently, these delays "caused Dr. Williams severe emotional distress, and the loss of interest on and use of said sums [*i.e.,* disability-insurance benefits]" (Compl. ¶ 42).

Prudential claims that plaintiff has still failed to meet the pleading requirements — neither the loss of disability benefits plus interest nor the resultant emotional distress can support the damages element of the fraud claim or so it is argued. Emotional distress damages generally cannot be recovered for fraud in the execution of a contract, unless the fraud caused *pecuniary* damage. *See Harlow v. American Equitable Assur. Co. of New York*, 87 Cal. App. 28, 31–32 (1927). *See also, Abbot v. Stevens*, 133 Cal. App. 2d 242, 247 (1955) ("Fraudulent representations which work no damage cannot give rise to an action at law, and an allegation of a definite amount of damage is essential to stating a cause of action") (citation omitted). While it is true that emotional distress does not constitute pecuniary loss, it would be recoverable if it were predicated on a pecuniary loss.

The primary issue is whether plaintiff properly pled pecuniary damages aside from those he could collect under the breach-of-contract claims. With respect to the fraud claim, the only pecuniary damages alleged by plaintiff were lost disability-insurance benefits and the loss of interest on and use of these sums (Compl. ¶ 42). Plaintiff argues that the loss of interest is

4

enough to sustain a fraud claim. That is not the case. Defendant concedes that interest would be recoverable if plaintiff were to prevail on the breach-of-contract claims. *See* Cal. Code of Civ. Procedure Section 3287(a). Lost interest therefore cannot serve as a damage item for fraud purposes. Because there are no other pecuniary items alleged, the fraud claim must be dismissed with leave to amend.

**2. HAS PLAINTIFF PROPERLY ALLEGED DETRIMENTAL RELIANCE?**

With respect to the alleged misrepresentation regarding plaintiff's entitlement to benefits only when defendant deemed him disabled, plaintiff conceded that the elements of fraud were not adequately pled in the original complaint. The original complaint had failed to allege detrimental reliance. The Court granted leave to amend this allegation. In his amended complaint, plaintiff alleged (Compl. at ¶ 42):

> Plaintiff Brian Williams, D.C. detrimentally relied on the aforesaid misrepresentations as follows. In relying on the aforesaid misrepresentations, Plaintiff believed that his only recourse was to pursue Defendant PRUDENTIAL'S internal appeals process. Plaintiff prepared his appeal documents, and copied relevant supporting exhibits. Months passed, and a denial followed. PRUDENTIAL offered subsequent appeal processes. For each of those appeals, Plaintiff again prepared appeal documents, and again copied supporting exhibits. While all of the appeals were being made and considered, Plaintiff was deterred from filing suit, and delayed from obtaining a recovery against PRUDENTIAL. These further delays in not having his disability insurance benefits, caused Dr. Williams severe emotional distress, and the loss of interest on and use of said sums. PRUDENTIAL misrepresenting the effect of the terms of the policy under California and Federal Law, that only PRUDENTIAL had the right to determine whether Dr. Williams was disabled, caused Dr. Williams to delay filing suit for many months, instead of following PRUDENTIAL'S internal appeal process. PRUDENTIAL misrepresenting the effect of the terms of the policy under California and Federal Law, that self-reported symptoms reduced his benefits to 24 months, robbed Dr. Williams of the peace of mind that his disability benefits safety net would protect him and instead was an illusion, caused Dr. Williams severe emotional distress. Dr. Williams worried he would not have the financial ability to survive, and would become destitute.

In its moving papers and reply, Prudential did not address the detrimental-reliance issue. In taking all material allegations of the complaint as true and construing them in the light most

5

favorable to the nonmoving party (Mr. Williams), this order finds that plaintiff alleged with particularity the detrimental reliance element of the fraud claim.

### CONCLUSION

Because this order finds that plaintiff failed to allege with sufficient particularity the damages element of the fraud claim, defendant's motion to dismiss the fraud claim is hereby **GRANTED**. Plaintiff may file a motion seeking leave to amend in which he explains how the aforementioned problem has been cured, appending a copy of the proposed pleading.

**IT IS SO ORDERED.**

Dated: November 13, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE